UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Dennis Roberts,<br><br>      Plaintiff,<br><br><br> -v.-<br>Portfolio Recovery Associates, LLC<br><br>      Defendant. | Civil Action No: _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiff Dennis Roberts (hereinafter, "Plaintiff"), a Virginia resident, brings this Complaint by and through his attorneys, Meridian Law, LLC against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant PRA"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**<u>INTRODUCTION/PRELIMINARY STATEMENT</u>**

  1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (d) et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which the Defendant resides.

## NATURE OF THE ACTION

5. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of South Dakota, County of Meade, residing at 2309 Palisades Loop, Sturgis, SD 57785.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Boulevard, Norfolk, VA 23502.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to July 30, 2019 an obligation was allegedly incurred to Capital One Bank (USA) N.A.

12. The Capital One Bank (USA) N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

13. The alleged Capital One Bank (USA) N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. Defendant PRA, contracted with the Capital One Bank (USA) N.A. to collect the alleged debt.

15. Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – July 30, 2019 Collection Letter*

16. On or about July 30, 2019, Defendant PRA sent Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Capital One Bank (USA) N.A. **See Exhibit A**.

17. The Letter states a balance of $2,820.21.

18. The Letter offers two options regarding the balance: Either pay the full amount or select a "savings plan" that allows the consumer to pay the balance for a discounted amount.

19. Below the offer to pay in full, the letter states: "Your Account will be considered paid-in-full after your final payment is successfully posted."

20. Below the offer to pay the discounted amount, the letter states: "The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."

21. Below both offers, the Letter includes a sentence that states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

22. The statement that Defendant will request deletion from the credit bureaus upon final payment is not qualified in any way and the plain reading implies that these deletion will take place in both scenarios; whether the balance is paid in full or paid for less than the full balance.

23. Upon Defendant's request to delete the tradeline from the credit bureaus upon final payment, the account will no longer appear on the credit report of the Plaintiff in any form.

24. Therefore, there is no consequence to Defendant's earlier statements in the Letter that the account will be "considered" paid in full or "paid in full for less than the full balance," because in either scenario, the account will simply not appear on Plaintiff's credit report.

25. The earlier statements are deceptive and misleading, because they propose to offer a benefit of considering the account "paid-in-full," which essentially does not exist, because the account will be deleted entirely upon final payment.

26. Just the fact that letter at all states that there is a status for each type of payment option is misleading, when in fact either option results in a complete wiping away of the account having existed at all.

27. In the alternative, if Defendant's statement that they will request a deletion of tradeline is hinged upon selection of only one of the payment options, then the Letter is unclear and misleading for not properly elucidating that fact.

28. Plaintiff incurred an informational injury because the Defendant falsely describe the effects of full payment as opposed to less than full payment.

29. As a result of Defendant deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

32. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Defendants violated §1692e:

    a. By making a false and misleading representation in violation of §1692e(10).

34. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

35. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dennis Roberts demands judgment from Defendant PRA, as follows:

1. Awarding Plaintiff statutory damages;

2. Awarding Plaintiff actual damages;

3. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 14, 2020                    Respectfully Submitted,

/s/ Aryeh E. Stein
**Meridian Law, LLC**
By: Aryeh E. Stein, #45895
600 Reisterstown Road, # 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061